```
UNITED STATES DISTRICT COURT           FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMES KARO,

                    Petitioner,                    MEMORANDUM
                                                   AND ORDER
            -against-
                                                   08-CV-796 (JG)
B. TRAVIS,

                    Respondent.
---------------------------------------------------------------X
```
JOHN GLEESON, United States District Judge:

Petitioner James Karo, currently incarcerated at Five Points Correctional Facility, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is difficult to decipher, and Karo has apparently disregarded my directions to amend it, but he appears to be challenging the denial of parole release and not the underlying judgment of conviction. For the reasons set forth below, the petition is dismissed.

BACKGROUND

On April 28, 1993, Karo was convicted after a jury trial of robbery in the first degree and criminal possession of a controlled substance in the seventh degree in the New York Supreme Court, Richmond County. On November 7, 1994, the Appellate Division affirmed the conviction, *People v. Karo*, 619 N.Y.S.2d 587 (2d Dep't 1994), and the New York Court of Appeals denied leave to appeal on February 1, 1995, *People v. Karo*, 85 N.Y.2d 863 (1995) (Kaye, C.J.). In his habeas corpus petition, Karo refers to a proceeding he filed in 2003 to review the denial of his parole release under Article 78 of New York's Civil Practice Law & Rules. *See* Petition, Unmarked Exhibit. The Appellate Division denied Karo's Article 78

1

application as moot on February 5, 2004. *See Karo v. Travis*, 770 N.Y.S.2d 921 (3d Dep't 2004).

On September 21, 2007, Karo filed a petition for a writ of habeas corpus (the "original petition") in this district. The petition was assigned to Judge Nicholas G. Garaufis. *Karo v. Napoli*, 07-cv-0483 (E.D.N.Y. Sept. 21 2007). On January 28, 2008, Karo filed a second petition, the current petition, which was assigned to me. It is unclear what distinguishes the original petition from the current petition, although I surmise that the former addresses Karo's underlying conviction while the latter addresses his denial of parole release. In an order dated March 14, 2008, I noted my difficulty in deciphering Karo's current petition, and directed Karo to demonstrate why his petition was not untimely and to specify the facts which purportedly entitled him to habeas relief. Order and Mem., *Karo v.Travis*, 08-cv796 (E.D.N.Y. Mar. 14, 2008). I subsequently extended Karo's time for filing his amended petition three times, first to June 2, then to July 2, and finally to August 25, 2008. During August 2008, Karo mailed me four more letters. These letters do not appear to address the instructions contained in my March 14 order, and two of them, although addressed to "Gleeson John," actually bear the docket number of the petition pending before Judge Garaufis.[1]

## DISCUSSION

Karo has failed, despite several extensions, to comply with my order of March 14, 2008. Rather than clarifying the details of his denial of parole release claim, he has simply submitted copies of a number of documents, including my March 14 order and the government's affidavit in opposition to Karo's original petition, with various portions of text underlined,

---

[1] Copies of these letters have been docketed in both cases.

circled, crossed out, or supplemented with cryptic handwritten comments. Karo's failure to obey my order renders me unable to review his petition, and I therefore dismiss it without prejudice to Karo's original petition, currently pending before Judge Garaufis. *See* Fed. R. Civ. P. 41(b), *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96 (8th Cir. 1971) (trial court may dismiss under Fed. R. Civ. P. 41(b) *sua sponte*).

## CONCLUSION

Karo's petition is dismissed. As Karo has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 12, 2008
      Brooklyn, New York